UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NICOLE ECCKLES, # 692586,

        Petitioner,

v.                                                  Case Number: 10-CV-11599
                                                       Honorable George Caram Steeh

MILLICENT WARREN,

        Respondent.
_____/

**OPINION AND ORDER
(1) DENYING PETITION FOR WRIT OF HABEAS CORPUS, (2) DECLINING TO
ISSUE A CERTIFICATE OF APPEALABILITY, AND (3) DENYING AN
APPLICATION FOR LEAVE TO PROCEED ON APPEAL *IN FORMA PAUPERIS***

      This is a habeas case brought under 28 U.S.C. § 2254.  Petitioner Nicole Ecckles, a state prisoner confined at the Women's Huron Valley Correctional Facility in Ypsilanti, Michigan, filed this habeas petition on April 21, 2010, asserting that she is being held in violation of her constitutional rights.  On June 4, 2008, Ecckles pleaded guilty to second-degree murder, MICH. COMP. LAWS § 750.317, and felony firearm, MICH. COMP. LAWS § 750.227(B)(A).  On June 19, 2008, she was sentenced to fifteen to thirty years in prison for the second-degree-murder conviction, and the mandatory two-year prison term for the felony-firearm conviction.  For the reasons stated, the Court will deny the petition.  The Court will also decline to issue Ecckles a certificate of appealability and will deny her an application for leave to proceed on appeal *in forma pauperis*.

**I.  BACKGROUND**

      The factual basis underlying Ecckles's conviction was put on the record at the plea hearing:

THE COURT:  All right.  Tell us what you did back on June 18, 2007, at 2600 West Davison in Detroit that makes you believe you committed this crime.  What did you do to Edward Houston?
[ECCKLES]:  Well, I fired a gun which they say killed an innocent bystander.

> THE COURT: They say?
> [ECCKLES]: Yes.
> THE COURT: Who did you fire the gun at?
> [ECCKLES]: I didn't fire the gun at anyone. I gave a warning shot and in the midst of that they said someone got hit.
> THE COURT: They say someone got hit.
> [ECCKLES]: Someone got hit. Someone died.
> THE COURT: So you didn't know Edward Houston?
> [ECCKLES]: I'm sorry?
> THE COURT: You didn't know Edward Houston?
> [ECCKLES]: Not personally.
> THE COURT: And you didn't intend to shoot him?
> [ECCKLES]: No, sir.
> THE COURT: Did you intend to shoot somebody?
> [ECCKLES]: No, sir.
> MR. SIMON: Your Honor, may I inquire?
> THE COURT: Yeah, why don't you voir dire.
> MR. SIMON: As the Court is aware for murder second degree, the intent can be one of three --
> THE COURT: Right.
> MR. SIMON: -- either an intent to kill or two other possible intents.
> THE COURT: Right.
> MR. SIMON: Ms. Ecckles, when you fired that shot, did you recognize at the time that there was a danger that someone could be hit with that shot?
> [ECCKLES]: Yes.
> MR. SIMON: And you weren't firing at anyone that had a weapon that was threatening you; were you?
> [ECCKLES]: No.
> MR. SIMON: Your Honor, the People are satisfied that the elements of murder in the second degree are made out.
> THE COURT: Well, let's make sure we're not skimming over this too much here. Did you know when you fired that shot that you were creating a very high risk of death or great bodily harm or that such harm would be a likely result of your actions?
> [ECCKLES]: Yes.
> THE COURT: Okay.
> MS. DIALLO: Defense is satisfied, Judge.
> THE COURT: All right. I'm satisfied as well and we will accept Ms. Ecckles['s] plea of guilty to second degree murder and, of course, there was a gun involved as she's admitted, and felony firearm.

Plea Hr'g Tr. 4, June 4, 2008.

Ecckles pleaded guilty to second-degree murder in exchange for the prosecutor dropping the

2

first-degree-murder charge. The sentence agreement was as follows:

> THE COURT: All right. Now, Ms. Ecckles, you've heard, once again, the charges that were originally lodged against you in this matter. You've got trial coming up Monday, the ninth of June. But your lawyer apparently has managed to talk the prosecutor down to second degree murder and felony firearm, and this 15 to 30 year sentence agreement is part of a deal, plus two years for the gun.

Plea Hr'g Tr. 4, June 4, 2008.

> Before accepting Ecckles's plea, the trial judge specifically asked her:
>
> THE COURT: Other than everything that we've talked about here in open court, has anybody promised you anything, or twisted your arm, or forced you in any way to give up your rights and plead guilty?
> [ECCKLES]: No.
> THE COURT: You're doing that freely and voluntarily.
> [ECCKLES]: Yes.

Plea Hr'g Tr. 5, June 4, 2008.

At Ecckles's sentencing hearing, the trial judge asked her if she wished to say anything before sentencing. Ecckles responded only that she was sorry for what she had done. She did not indicate to the court in any that her plea was not voluntary. She did not ask to withdraw her plea.

Following her sentencing, Ecckles filed an application for leave to appeal with the Michigan Court of Appeals, alleging that "the trial court had more than adequate reason to doubt the voluntariness and accuracy of such plea." The allegation appears to have been solely based on a statement made by Ecckles that was recorded in the presentence report where she stated that "she does not feel guilty." According to her application for leave, she "had maintained her innocence and was coerced into entering the plea for fear of a potential life sentence."

The Court of Appeals denied her application on October 29, 2008. *People v. Ecckles*, No. 287976 (Mich.Ct.App. Oct. 29, 2008). Ecckles then filed an application for leave to appeal that

decision with the Michigan Supreme Court, raising the same claims. The Supreme Court denied the application on April 28, 2009. *People v. Ecckles*, 483 Mich. 978, 764 N.W.2d 245 (2009).

Ecckles neither filed a post-conviction motion with the state trial court nor a writ of certiorari with the United States Supreme Court. Rather, she filed this habeas petition on April 21, 2010, raising the same claims raised in the state appellate courts.

## II. STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs this Court's habeas review of state-court decisions. Under the AEDPA, a federal court's review of a habeas proceeding is limited. A federal court may not grant a writ of habeas corpus unless the state adjudication on the merits either:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the State court proceedings.

28 U.S.C. § 2254(d).

The Supreme Court clarified that standard in *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000):

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a
>
> federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

With that standard in mind, the Court proceeds to address Ecckles's claims.

### III.  DISCUSSION

### A.  Plea Claim

Ecckles alleges that the trial court abused its discretion and committed clear error in denying her motion to withdraw her plea.  A petitioner has no absolute right to withdraw his or her guilty plea.  *Shanks v. Wolfenbarger*, 387 F.Supp.2d 740, 748 (E.D. Mich. 2005) (internal citations omitted).  Therefore, unless the plea violated a clearly-established constitutional right, whether to allow the withdrawal of a criminal defendant's guilty plea is discretionary with the state trial court.  When a petitioner is convicted as a result of a plea, habeas review is limited to whether the plea was made voluntarily, intelligently, and knowingly.  *United States v. Broce*, 488 U.S. 563 (1989); *Boykin v. Alabama*, 395 U.S. 238 (1969).  A plea is voluntary if it is not induced by threats or misrepresentations and the defendant is made aware of the direct consequences of the plea.  *Brady v. United States*, 397 U.S. 742, 755 (1970).  The voluntariness of a plea "can be determined only by considering all of the relevant circumstances surrounding it."  *Id.* at 749.  The plea is intelligent and knowing where there is nothing to indicate that the defendant is incompetent or otherwise not in control of his or her mental faculties, is aware of the nature of the charges, and is advised by competent counsel.  *Id.* at 756.  The plea must be made "with sufficient awareness of the relevant circumstances and likely consequences."  *Id.* at 748.

Thus, the only cognizable claim before this Court is whether Ecckles's plea was knowing and voluntary.  The record establishes that Ecckles was informed of the charges against her, the rights she was waiving, and the maximum sentence she was facing.  The record also establishes that her plea was voluntary.  When the trial court specifically asked her whether she was being forced to plead guilty, she responded no.  She stated that her plea was freely and voluntarily given and that

she was, in fact, guilty. A solemn declaration of guilt by the defendant carries a presumption of truthfulness. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). "The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Id.* at 74. Where the defendant "was fully aware of the likely consequences when [she] pleaded guilty[,] it is not unfair to expect [her] to live with those consequences[.]" *Mabry v. Johnson*, 467 U.S. 504, 511 (1984). Moreover, Ecckles had the opportunity at sentencing to tell the trial court that her plea was coerced, and she did not do so. Nor did she do so in a motion to withdraw her plea. She simply filed an application for leave to appeal asserting, in conclusory terms, that she was innocent (a fact belied by her sworn statements at the plea) and that she had to plead guilty to avoid a life sentence. A defendant's protestation of innocence does not invalidate a guilty plea where a defendant intelligently concludes that his or her interest require entry of a guilty plea. *Joyner v. Vacco*, No. 00-2200, 2000 U.S. App. LEXIS 21444 (Sept. 21, 2000).

The record establishes that Ecckles's plea was knowing and voluntary. Any other claim by her is noncognizable on habeas review. Accordingly, the Court concludes that Petitioner Ecckles is not entitled to habeas relief on this claim.

### B. Certificate of Appealability

"[A] prisoner seeking postconviction relief under 28 U.S.C. § 2254 has no automatic right to appeal a district court's denial or dismissal of the petition. Instead, [the] petitioner must first seek

and obtain a [certificate of appealability.]" *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U .S.C. § 2253(c)(2).

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong . . . . When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court concludes that reasonable jurists would not find its assessment of Ecckles's claims debatable or wrong. The Court therefore declines to issue her a certificate of appealability and denies her an application for leave to proceed on appeal *in forma pauperis*.

### IV.  CONCLUSION

The state courts's decisions in this case were not contrary to federal law, an unreasonable application of federal law, or an unreasonable determination of the facts. Ecckles has failed to establish that she is presently in custody in violation of the Constitution or laws of the United States.

Accordingly, **IT IS ORDERED** that Ecckles's petition for a writ of habeas corpus [dkt. # 1] is **DENIED**.

**IT IS FURTHER ORDERED** that the Court declines to issue Ecckles a certificate of appealability and denies her an application for leave to proceed on appeal *in forma pauperis* because any appeal would be frivolous. *See* Fed.R.App.P. 24(a).

Dated: January 3, 2011

                                        S/George Caram Steeh
                                        GEORGE CARAM STEEH
                                        UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on January 3, 2011, by electronic and/or ordinary mail and also to Nicole Ecckles at Huron Valley Complex - Women 27S, 3201 Bemis Road, Ypsilanti, MI 48197.

S/Josephine Chaffee
Deputy Clerk